Argued March 24; reversed April 26, 1938

# WALKER *v.* BOARD OF DIRECTORS, SCHOOL DISTRICT NO. 1

(78 P. (2d) 618)

In Banc.

*Grant T. Anderson,* of Portland (Ralph H. King, of Portland, on the brief), for appellant.

*F. H. Greenman,* of Portland, for respondent.

KELLY, J. From the latter part of the year 1918, until June 5, 1936, the plaintiff, Mrs. Helen Gertrude Walker, was a teacher in School District No. 1 of Multnomah county.

During the month of September, 1935, information adversely reflecting upon the condition of plaintiff's living quarters was given to the city superintendent's department of said school. An investigation was made and the city superintendent made an order suspending plaintiff as a teacher in said school pending the proposed filing of charges against her with the board of directors of said district and the prosecution thereof. The plaintiff then retained an attorney, Mr. Harry M. Kenin, to represent her in the matter.

Mr. Kenin conferred with the city superintendent and his assistant. As a result of such conference, a proposed conditional resignation was formulated by the city superintendent's department and submitted to Mr. Kenin. Mr. Kenin testified that this proposed resignation was unsatisfactory to plaintiff because it contained a provision that plaintiff should move her residence from the place where she was then living to some suitable place within the limits of said School District No. 1.

Mr. Kenin prepared a resignation to the same effect as the one submitted by the city superintendent, except that the provision requiring plaintiff to move her place of residence was omitted.

It is an admitted fact in the case that plaintiff signed and the city superintendent received this last mentioned document. The following is a copy thereof omitting the printing thereon of the letter head of the legal firm of Hertzog, Kenin and Kenin:

"October 1, 1935.

The following agreement is a condition of and becomes a part of my resignation:

I am at present suspended from my teaching position in the Kerns School, pending a hearing before the School Board on charges prepared by the Superintendent against me. In consideration of my re-instatement to my position as a permanent teacher in School District No. One, and the holding in abeyance of the charges prepared against me by the Superintendent, I have signed this resignation to take effect at the close of the school year in June, 1936.

As an expression of my good faith in handing in this resignation, I agree that my present residence shall be open for inspection by the School Board of School District No. One upon request at all reasonable times, and I hereby agree that, should the condition of my living quarters be deemed undesirable to the extent that my continuation in the corps would be objectionable, the Superintendent, upon making investigation of said complaints and his verification of the same, is empowered to present this resignation to the Board for acceptance without protest from me or any body representing me. If, in the opinion of the Superintendent of Schools, the grounds for objections made the basis of charges against me have been removed, this resignation shall be returned to me and not presented to the Board.

Mrs. Helen T. Walker."

Upon the trial in the circuit court, when the instrument above copied was presented, another paper was attached to it, of which the following is a copy:

"Resignation of Teacher

"To the Board of Directors and to the Superintendent of Schools of School District No. 1 of Portland, Multnomah County, Oregon:

I hereby tender my resignation as *PERMANENT* (Write here, emergency, or probationary, or permanent) teacher in the schools of the above named District to to take effect *June 5, 1936*.

I am at present teaching in *Kerns* school, doing *2-3 grade* work.

Dated *October 1, 1935*.

*Helen Walker*
Teacher
*Portland, Ore Rt 9 Box 386*
Address

Reason for resignation: *Subject to statement attached herewith.*"

The foregoing resignation is upon a printed form. Except the name of plaintiff and her address which is in writing, the italicized words are typewritten. The rest of the document is printed. The plaintiff insists that she did not sign it.

For the purposes of this case, it is immaterial whether plaintiff signed it or not. The document first above, copied and designated as a conditional resignation, is complete within itself without reference to the unconditional resignation last above copied.

In October, 1935, plaintiff resumed teaching in said school district and taught continuously until about June 3, 1936, which was the end of the school year.

In May or the first few days of June, 1936, Mr. Rice, the city superintendent, and Mr. Whitney his assistant superintendent, went to the home of plaintiff to determine whether the condition of plaintiff's living quarters was undesirable to the extent that her continu-

ation in the corps would be objectionable. They testified in effect that the conditions were unsanitary and undesirable.

On June 5, 1936, plaintiff's resignation was presented to the board of directors and accepted by said board.

This proceeding was instituted to require the board of directors of said school district to reinstate plaintiff in her former position in said school and to direct the issuance of a warrant to her in payment of the services she would have rendered if her resignation had not been accepted or her tenure as teacher had not otherwise been interrupted.

Plaintiff claims that her resignation was acquired by fraud and duress, and that the writing which she signed was produced by Mr. Rice after a long argument and was signed by her after Mr. Rice said he would reinstate her and return the writing to her in the future.

■ We think that plaintiff has wholly failed to prove that any fraud or duress was practiced upon her. The resignation which she admits that she signed was prepared by her attorney. There were two considerations which prompted plaintiff to sign it, namely,—(1) reinstatement as a permanent teacher, and, (2), holding the charges against her in abeyance.

■ She was reinstated and the charges were withheld. Her present attorney urges the legal question as to the authority of the city superintendent to suspend a teacher, but under this record that question is not before us. It is apparent that the controlling consideration which prompted plaintiff to sign the conditional resignation was the withholding of the charges against her by the city superintendent. Plaintiff must have

known that, if his authority to suspend had been questioned by the attorney then representing her, the city superintendent could easily have procured an order of the board of directors suspending her pending the disposition of the charges which he was about to file.

The crux of the case is that plaintiff undertook to correct the conditions constituting the basis for charges against her and agreed that, if in the opinion of the city superintendent she failed so to do, the city superintendent could tender her resignation to the board of directors. The record shows that plaintiff failed to meet her obligation to correct such conditions. Acting pursuant to the authority plaintiff had given him, the city superintendent tendered plaintiff's resignation and it was accepted.

The trial court was in error in holding that, as a prerequisite and condition precedent to the taking effect of the authority therein given to the city superintendent to tender plaintiff's resignation to said board of directors, said resignation imposed upon the board of directors the duty of making an inspection of plaintiff's living quarters and reporting thereon to the school superintendent for his investigation and recommendations.

The judgment of the circuit court is reversed and the writ of mandamus is dismissed.

BEAN, C. J., and BAILEY, J., not sitting.